**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TITILAYO OLUBOWALE, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Case No.:   1:23-cv-338 |
| vs. | **CLASS ACTION COMPLAINT** |
| NCR CORPORATION | |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff Titilayo Olubowale, individually and on behalf of all others similarly situated, by and through her attorneys, The Law Office of Christopher Q. Davis, PLLC, alleges, upon personal knowledge and upon information and belief as to other matters, as follows:

## NATURE OF ACTION

1.      This is a class action brought by Plaintiff Titilayo Olubowale ("Plaintiff") on behalf of herself and all other Customer Engineers, Mechanics, and other similar positions (collectively, "Manual Workers") who work or have worked for Defendant NCR Corporation ("NCR" or "the Company") in New York State.

2.      New York Labor Law ("NYLL") requires employers to pay manual workers on a weekly basis unless expressly authorized to pay manual workers on a bi-weekly basis by the New York State Department of Labor Commissioner.  *See* NYLL § 191.

3.      Upon information and belief, Defendant NCR has received no such authorization from the New York State Department of Labor Commissioner.

1

4.      Defendant has violated and continues to violate NYLL by paying its Manual Workers every other week rather than on a weekly basis.  Plaintiff has suffered financial harm, including late payment penalties on her bills, due to Defendant's failure to pay her wages in a timely manner. Accordingly, Plaintiff demands liquidated damages, interest, and attorneys' fees on behalf of herself and a putative class of all Manual Workers employed by Defendant in New York State over the last six years.

## PARTIES

5.      Individual and Representative Plaintiff Titilayo Olubowale was a Customer Engineer with NCR Corporation from September 2015 to November 2022. She is presently, and at all relevant times was, a resident of the State of New York.

6.      Defendant NCR Corporation, previously known as National Cash Register, is a global software and technology services company. NCR Corporation maintains a principal place of business at 864 Spring Street NW, Atlanta, Georgia.

7.      NCR Corporation was and is a covered employee within the meaning of the New York Labor Law, and at all relevant times, employed Plaintiff and similar employees across New York State.

8.      NCR has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

9.      Upon information and belief, NCR applies the same employment policies, practices, and procedures to all Manual Workers in its New York State operation, including policies, practices, and procedures with respect to payment of wages.

## JURISDICTION & VENUE

10.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d), because the Class Action Fairness Act provides that federal courts have original jurisdiction in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a state different than the defendant, and the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

11.    Upon information and belief, some members of the proposed class are citizens of other states.

12.    Upon information and belief, there are over 100 members in the proposed class.

13.    Venue is proper in the United States District Court, Southern District of New York pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to the action that is the subject of this litigation occurred in this District.

14.    This Court has personal jurisdiction over Defendant NCR Corporation because it has substantial business operations in New York, and routinely transacts business in New York.

## PLAINTIFF'S FACTUAL ALLEGATIONS

15.    Plaintiff was employed by NCR as a Customer Engineer from September 2015 until November 2022.

16.    As a Customer Engineer, Plaintiff was responsible for maintenance and repair of automated teller machines (ATMs) at locations all over New York City.  She responded to work orders at banks and retail stores all over the borough of Manhattan equipped with tools to repair ATM machines. Her work required her to physically open the ATM machines and manipulate the parts to diagnose mechanical issues, make repairs, and replace broken parts.

17.     Upon opening the ATM machines, Plaintiff would, for example, fix detached cables, repair jams, correct alignment issues in the feeder, and fix lose screws using the tools NCR provided to her and other Customer Engineers it employed.

18.     During the course of Plaintiff's employment as an NCR Customer Engineer, over 25% of her job duties were physical tasks, including using tools to open ATM machines, repairing parts, manipulating internal mechanisms within the machines, removing broken pieces of the machines, and other manual tasks.

19.     Despite regularly spending more than 25% of her shift performing these physical tasks, Plaintiff has been compensated by Defendant on a biweekly basis.

20.     For example, for the period beginning on October 1, 2022, and ending on October 14, 2022, NCR paid Plaintiff her earned wages on October 21, 2022. See Exhibit A.

21.     As a result, Defendant failed to pay Plaintiff her earned wages from October 1, 2022 to October 7, 2022 by October 14, 2022 as required by NYLL § 191(1)(a).


## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings a NYLL claim under Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and a class of persons consisting of:

> All persons who work or have worked as Manual Workers for NCR Corporation in the State of New York at any time from six years prior to the filing of the Complaint in this matter to the present (the "Class").

23.     The members of the Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a Class will benefit all parties and the Court.

24.     Upon information and belief, there are more than one hundred members of the Class.

25.    Plaintiff's claims are typical of those claims that could be alleged by any other member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.

26.    Plaintiff and the Class have all been injured in that they have been compensated in an untimely manner due to Defendant's common policy and practice of failing to pay Manual Workers on a weekly basis. Frequency of pay laws are "intended for the protection of those who are dependent upon their wages for sustenance." *People v. Ventri*, 309 N.Y. 401, 405 (1955) (citing former Labor Law § 196).

27.    Plaintiff has been injured in several ways by the late payment of her wages. On more than one occasion, Plaintiff has been unable to pay her rent on time, which has forced her to incur late payment penalties. She has also been without sufficient funds to make timely payment on her electric bill and gas bill, and she has incurred late payment charges from her utility providers.

28.    Plaintiff and the Class have all been similarly injured because Defendant's policy and practices affected everyone in the Class, undoubtedly causing other Class members to fall behind on bills, incur interest fees on loans, and suffer other financial damage based on the Defendant's policy of delayed payment of earned wages. Defendant benefitted from the same type of unfair and/or wrongful acts as to each member of the Class.

29.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

30.    Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

31.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage claims, where individual class members lack the financial resources to vigorously litigate against a corporate defendant.  A class action will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

32.     Common questions of law and fact exist as to the Class that predominate over any questions only affecting Plaintiff and/or each member of the Class individually and include, but are not limited to, the following:

     a.   Whether Defendant compensated Plaintiff and other Manual Workers in the State of New York on a timely basis.

**FIRST CAUSE OF ACTION**
**New York Labor Law – Failure to Pay Timely Wages**
**(Brought on Behalf of Plaintiff and the Class)**

33.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

34.     The timely payment of wages provisions of NYLL § 191 apply to Defendant and protect Plaintiff and the Class

35.     Defendant failed to pay Plaintiff and the Class on a timely basis as required by NYLL § 191(1)(a).  Thus, Defendant underpaid Plaintiff and the Class.

36.     Plaintiff and the Class suffered damages as a result of Defendant's repeated violation of NYLL § 191(1)(a), including, among other things, late payment penalties, incurred interest, and loss of opportunity to invest earned wages.

37.     Due to Defendant's violations of NYLL, Plaintiff and the Class are entitled to recover from Defendant the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all members of the Class, prays for relief as follows:

A.     That the Court determine that this action may proceed as a collective action pursuant to 29 U.S.C. § 216 and a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

B.     Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

C.     Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

D.     Award liquidated damages in the amount of the untimely wage payments pursuant to the NYLL;

E.     Pre-judgment and post-judgment interest;

F.     Reasonable attorneys' fees and costs of the action; and

G.     Such other relief as this Court shall deem just and proper.


## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff on behalf of herself and all other similarly situated persons demand a trial by jury as to all issues so triable.

DATED:  January 13, 2023
        New York, New York

Brendan Sweeney, Esq.
The Law Office of Christopher Q. Davis, PLLC
80 Broad Street, Suite 703
New York, NY 10004
Phone: (646) 430- 7930
Fax: (646) 349-2504
bsweeney@workingsolutionsnyc.com

*Attorney for Plaintiff and the Putative Class*